[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
In this case, the plaintiffs Krystal Kohutka, a minor child, and her parents, Raymond and Jennifer Kohutka, have sued the defendants Dominick Mazzucco and Virginia Mazzucco for damages they allegedly sustained as a result of Krystal Kohutka's ingestion of paint chips on premises owned by the Mazzuccos. The defendants have moved to strike the third count of the plaintiffs' substitute complaint dated May 23, 1996 on the ground that it sounds in strict liability.
Count three of the substitute complaint is entitled "Strict CT Page 2941 Liability" and alleges, incorporating allegations of count two (which is entitled "Negligence Per Se"), that "[t]he landlords violated Connecticut General Statutes sections 47a-7 and 47a-8
and 19a-36 and the public health regulations (second count, ¶ 9, third count, ¶ 1) and "[t]he landlords are strictly liable to the plaintiff for her injuries" (third count, ¶ 10). InGore v. People's Savings Bank, 235 Conn. 360, 665 A.2d 1341
(1995), the Supreme Court concluded that a landlord of a residential dwelling may not be held strictly liable pursuant to Conn. Gen. Stat. §§ 47a-7 and 47a-8 for a minor plaintiff's personal injuries allegedly sustained due to exposure to lead-based paint. Although the Court did not address section 19a-36h or the public health regulations, the rationale for its decision regarding sections 47a-7 and 47a-8 would apply to those sections as well. As the Gore Court stated:
 We agree that the language and histories of these sections indicate the legislature's intent to prohibit the use of lead-based paints and to prevent the existence of chipped or otherwise dilapidated paint for the protection of children, but the plaintiffs have shown us nothing to indicate that the legislature intended the extraordinary result of holding a landlord liable for injuries sustained by a minor due to exposure to lead-based paint regardless of a valid excuse or justification, such as lack of notice, for the violation. Id. at 383.
Accordingly, based on the authority of Gore, the motion to strike the third count is granted.
LINDA K. LAGER, JUDGE